1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CELECIA GRAHAM,                    )  NO. CV 07-03794 SS
                                       )
12                  Plaintiff,         )
                                       )  **MEMORANDUM DECISION AND ORDER**
13           v.                        )
                                       )
14  MICHAEL J. ASTRUE,                 )
    Commissioner of the Social         )
15  Security Administration,           )
                                       )
16                  Defendant.         )
                                       )
17  ─────────────────────────────────

18                            **INTRODUCTION**

19

20      Celecia Graham ("Plaintiff") brings this action seeking to overturn

21  the decision of the Commissioner of the Social Security Administration

22  (hereinafter the "Commissioner" or the "Agency") denying her application

23  for Disability Insurance Benefits ("DIB") and Supplemental Security

24  Income ("SSI").  The parties consented, pursuant to 28 U.S.C. § 636(c),

25  to the jurisdiction of the undersigned United States Magistrate Judge.

26  For the reasons stated below, the decision of the Commissioner is

27  REVERSED and REMANDED for further proceedings.

28

1

**PROCEDURAL HISTORY**

2

3      Plaintiff filed an application for DIB and SSI on September 16,

4  2003.  (AR 54-57, 158-59).  Plaintiff alleged that she is disabled due

5  to sarcoidosis.[1]  A consultative examination report dated October 20,

6  2003 noted that Plaintiff was diagnosed with Stage I sarcoidosis in

7  April of 2003.  (AR 87).

8

9      The Agency denied Plaintiff's claim for DIB and SSI initially on

10  November 17, 2003.  (AR 45).  Upon reconsideration, the Agency denied

11  Plaintiff's claim for benefits on December 2, 2003.  (AR 46-49).  On

12  August 25, 2004, Administrative Law Judge ("ALJ") Stanley Hogg conducted

13  a hearing to review Plaintiff's claim.  (AR 40).  The ALJ denied

14  benefits on December 2, 2004.  (AR 16).  Plaintiff sought review of ALJ

15  Hogg's decision before the Appeals Council.  (AR 38).  On April 11,

16  2005, the Appeals Council denied review.  (AR 34-36).

17

18      Plaintiff reapplied for benefits on April 18, 2005.  (AR 16).  The

19  Agency denied Plaintiff's application initially and on reconsideration.

20  (Id.).  On August 29, 2006, ALJ Dale Garwal conducted a hearing on

21  Plaintiff's claim.  (AR 28).  The ALJ denied benefits on October 26,

22  2006.  (AR 22).  Plaintiff subsequently filed a timely Request for

23  Review of the ALJ's decision.  (AR 12).  The Appeals Council denied

24  review on April 26, 2007 making ALJ Garwal's decision the final decision

25

26

27

28

[1]  A systemic granulomatous disease of unknown cause, especially involving the lungs with resulting interstitial fibrosis, but also involving lymph nodes, skin, liver, spleen, eyes, phalangeal bones, and parotid glands.  Stedman's Medical Dictionary 1593 (27th ed. 2000).

2

1    of the Commissioner.   (AR 8-10).   Plaintiff commenced the instant action
2    on June 14, 2007.

3
4
5                   **THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**
6
7         To qualify for disability benefits, a claimant must demonstrate
8    a medically determinable physical or mental impairment that prevents her
9    from engaging in substantial gainful activity[2] and that is expected to
10   result in death or to last for a continuous period of at least twelve
11   months.  <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing
12   42 U.S.C. § 423(d)(1)(A)).   The impairment must render the claimant
13   incapable of performing the work she previously performed and incapable
14   of performing any other substantial gainful employment that exists in
15   the national economy.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir.
16   1999) (citing 42 U.S.C. § 423(d)(2)(A)).

17
18        To decide if a claimant is entitled to benefits, an ALJ conducts
19   a five-step inquiry.   20 C.F.R. §§ 404.1520, 416.920.   The steps are as
20   follows:

21
22        (1)   Is the claimant presently engaged in substantial gainful
23              activity?   If so, the claimant is found not disabled.
24              If not, proceed to step two.
25
26
27
        [2]   Substantial gainful activity means work that involves doing
28   significant and productive physical or mental duties and is done for pay
     or profit.  20 C.F.R. §§ 404.1510, 416.910.

1

2     (2)   Is the claimant's impairment severe? If not, the
            claimant is found not disabled. If so, proceed to step
3           three.

4     (3)   Does the claimant's impairment meet or equal one of list
5           of specific impairments described in 20 C.F.R. Part 404,
6           Subpart P, Appendix 1? If so, the claimant is found
7           disabled. If not, proceed to step four.

8     (4)   Is the claimant capable of performing her past work? If
9           so, the claimant is found not disabled. If not, proceed
10          to step five.

11    (5)   Is the claimant able to do any other work? If not, the
12          claimant is found disabled. If so, the claimant is
13          found not disabled.

14

15   Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d

16   949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§

17   404.1520(b)-(g)(1), 416.920(b)-(g)(1).

18

19       The claimant has the burden of proof at steps one through four, and

20   the Commissioner has the burden of proof at step five. Bustamante, 262

21   F.3d at 953-54. If, at step four, the claimant meets her burden of

22   establishing an inability to perform past work, the Commissioner must

23   show that the claimant can perform some other work that exists in

24   "significant numbers" in the national economy, taking into account the

25   claimant's residual functional capacity ("RFC"),[3] age, education, and

26   _____

27       [3]   Residual functional capacity is "the most [one] can still do
     despite [her] limitations" and represents an assessment "based on all
28   the relevant evidence in [one's] case record." 20 C.F.R. §§
     404.1545(a), 416.945(a).

4

work experience. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001).  When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance."  <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  <u>Id.</u>  To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  <u>Aukland</u>, 257 F.3d at 1035 (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can

1 reasonably support either affirming or reversing that conclusion, the

2 court may not substitute its judgment for that of the Commissioner.

3 Reddick, 157 F.3d at 720-21.

4

5 **DISCUSSION**

6

7       Plaintiff contends that the Commissioner's decision should be

8 overturned for two reasons.  First, she claims that the ALJ did not

9 properly consider Plaintiff's subjective pain testimony.  (Jt. Stip. at

10 4).  Second, Plaintiff argues that the ALJ erred when he found that

11 Plaintiff could return to her past relevant work.  (Jt. Stip. at 19).

12 Because the Court concludes that the ALJ did not properly consider

13 Plaintiff's subjective pain testimony, it will not address the remaining

14 issue raised by Plaintiff.

15

16 A.    **The ALJ Failed To Provide Clear And Convincing Reasons For**

17       **Rejecting Plaintiff's Subjective Pain Testimony**

18

19       Plaintiff contends that the ALJ failed to properly evaluate her

20 credibility.  Specifically, Plaintiff argues that the ALJ erred when he

21 relied solely on the lack of objective medical evidence to reject

22 Plaintiff's subjective pain testimony.  (Jt. Stip. at 7).  This Court

23 agrees.

24

25       Once a claimant produces objective medical evidence of an

26 underlying impairment, an ALJ may not reject a claimant's subjective

27 complaints based solely on lack of medical evidence to fully corroborate

28 the alleged severity of the symptoms.  Moisa v. Barnhart, 367 F.3d 882,

6

1 885 (9th Cir. 2004).  If the ALJ finds the claimant's pain testimony not
2 to be credible, the ALJ "must specifically make findings that support
3 this conclusion," and the findings "must be sufficiently specific to
4 allow a reviewing court to conclude the [ALJ] rejected [the] claimant's
5 testimony on permissible grounds and did not arbitrarily discredit the
6 claimant's testimony."  Id.  When there is no affirmative evidence that
7 the claimant is malingering, the ALJ must provide clear and convincing
8 reasons for rejecting the claimant's testimony regarding the severity
9 of the symptoms.  Id.  "The ALJ must specifically identify what
10 testimony is credible and what testimony undermines the claimant's
11 complaints."  Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).
12

13      Plaintiff testified that she had joint pain with inflammation and
14 was taking Prednisone for her sarcoidosis.  (AR 352).  She stated that
15 she had been complaining about the joint pain for over a year and that
16 it was "never the same."  (AR 355-56).  She testified that she sometimes
17 experiences unexpected "spasmic pain."  (AR 358-59).  She experienced
18 four of these pain attacks in the two years before the hearing and, in
19 describing the pain, stated, "On a level of one to ten, I'd say it was
20 about 20."  (AR 359).  She further asserted that she experienced "dull
21 pain all the time."  (AR 356).  Plaintiff testified that she used two
22 inhalers because she experienced asthma attacks that rendered her unable
23 to breathe.  (AR 352).  Due to these asthma attacks, she had been to the
24 emergency room seven times in the two years before the hearing.  (AR
25 352-53).  She stated that she spent most of her time lying down with her
26 feet or head propped up trying to ease the pain and prevent an attack.
27 (AR 357-58).  She testified that she is "tired all the time." (AR 355).
28

1 Plaintiff asserted that she spends all of her time at home and does not
2 cook, clean or socialize.  (AR 357).

4      In the 2006 decision, the ALJ found that the objective medical
5 evidence "shows that [Plaintiff] has underlying medically determinable
6 impairments that could reasonably cause or produce the pain or other
7 symptoms alleged by [Plaintiff]."  (AR 19).  He acknowledged that the
8 record indicated Plaintiff had been diagnosed with and treated for
9 several medical conditions, including "sarcoidosis, rheumatoid
10 arthritis, back pain, and multiple joint pains."  (AR 18).  However, the
11 ALJ rejected Plaintiff's testimony with a cursory statement:

13      [Plaintiff's] complaints are not supported by the objective
14      evidence, and a longitudinal history of medical treatment for
15      a  truly  disabling  condition  is  lacking.    In  brief,
16      [Plaintiff's] assertions regarding a lack of ability to engage
17      in work activities are insufficient to counter the medical
18      evidence, and [Plaintiff's] subjective complaints are accepted
19      only to the extent they are supported by the evidence of
20      record as summarized in the text of this decision.

22 (AR 20).  The ALJ articulated only one reason for rejecting Plaintiff's
23 credibility: a lack of objective medical evidence.  The ALJ failed to
24 provide clear and convincing reasons that supported his conclusion.

26      The ALJ may consider the following factors when weighing the
27 claimant's credibility: (1) her reputation for truthfulness; (2)
28 inconsistencies either in her testimony or between her testimony and her

1  conduct; (3) her daily activities; (4) her work record; and (5)
2  testimony from physicians and third parties concerning the nature,
3  severity, and effect of the symptoms of which she complains. Thomas v.
4  Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Additionally, Social
5  Security Ruling 96-7p lists seven factors to consider in assessing the
6  credibility of a claimant's subjective complaints: (1) the individual's
7  daily activities; (2) the location, duration, frequency and intensity
8  of the individual's pain or other symptoms; (3) factors that precipitate
9  and aggravate the symptoms; (4) the type, dosage, effectiveness and side
10 effects of any medication the individual takes or has taken to alleviate
11 pain or other symptoms; (5) treatment, other than medication, the
12 individual receives or has received for relief of pain or other
13 symptoms; (6) any measures other than treatment the individual uses or
14 has used to relieve pain or other symptoms; and (7) any other factors
15 concerning the individual's functional limitations and restrictions due
16 to pain or other symptoms. Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *3.
17
18     Here, the ALJ failed to discuss any of the above factors or give
19 sufficient clear and convincing reasons for rejecting Plaintiff's
20 credibility. Because he relied solely on the lack of objective medical
21 evidence to reject Plaintiff's subjective pain testimony, the ALJ
22 committed legal error. As such, remand is required.
23
24 **B.    Remand Is Required To Remedy Defects In The ALJ's Decision**
25
26     Remand for further proceedings is appropriate where additional
27 proceedings could remedy defects in the Commissioner's decision. See
28 Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler,

1  722 F.2d 1496, 1497 (9th Cir. 1984).   Because the ALJ erred by not

2  providing  clear  and  convincing  reasons  for  rejecting  Plaintiff's

3  testimony,  the  case  must  be  remanded  to  remedy  this  defect.   Upon

4  remand, the ALJ must reassess Plaintiff's credibility.  As the Court did

5  not reach all of the issues raised in this case, the parties shall not

6  be precluded from addressing those issues or any other issues on remand.

7

8                              **CONCLUSION**

9

10       Consistent with the foregoing, and pursuant to sentence four of 42

11  U.S.C. § 405(g),[4] IT IS ORDERED that judgment be entered REVERSING the

12  decision of the Commissioner and REMANDING this matter for further

13  proceedings consistent with this decision. IT IS FURTHER ORDERED that

14  the Clerk of the Court serve copies of this Order and the Judgment on

15  counsel for both parties.

16

17  DATED: July 1, 2008.

18                                        /S/

19

20                                        _____
                                          SUZANNE H. SEGAL
                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25
_____
26

27       [4]  This sentence provides: "The [district] court shall have power
    to enter, upon the pleadings and transcript of the record, a judgment
28  affirming, modifying, or reversing the decision of the Commissioner of
    Social Security, with or without remanding the cause for a rehearing."

                                   10